UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**JOSEPH LEE BELL,**

                **Plaintiff,**

        v.                         Case No. 07-C-58

**RICK LYONS, et. al.,**

                **Defendants.**

## ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND RECOMMENDING THAT THIS CASE BE DISMISSED

On January 18, 2007, Joseph Lee Bell, ("Bell"), proceeding pro se, filed suit against the defendants pursuant to 42 U.S.C. § 1983, on the basis of slander, discrimination, and defamation of character.

Accompanying Bell's complaint was a motion to proceed in forma pauperis. Before the court can allow the plaintiff to proceed in forma pauperis, the court is obligated to determine that Bell is unable to pay the $350.00 filing fee and that his case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A complaint should be dismissed for failure to state a claim upon which relief may be granted if it appears

1

beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his petition to proceed in forma pauperis, Bell alleges sufficient liabilities and income to satisfy the court that he is indigent. Thus, the court will turn to the merits of Bell's claims against the defendants.

Bell is a frequent filer in this district, this being Bell's sixth case since April of 2004. On April 9, 2004, Bell filed two cases in this district. Case Nos. 04-C-360; 04-C-361. In case number 04-C-360, Bell filed suit against Steve Visocky and Sandra Warner, who were respectively a job placement coordinator and counselor at DVR (which the court assumes to be the Division of Vocation Rehabilitation.) In his complaint, Bell stated that he was unable to find work because of his felony conviction and therefore sought to attend school. Bell stated that he discussed with DVR the prospect of attending school. DVR informed him of the requirements and restrictions regarding DVR paying for school. He then stated that some other persons at DVR were allowed to attend school. Bell then concluded by alleging that he was lied to "and for some reason discriminated against" and this has caused him "a lot of emotional, physical and mental stress." For this stress, Bell sought $50,000,000.

Judge Clevert reviewed Bell's accompanying motion to proceed in forma pauperis and determined that the complaint contained insufficient information to permit Judge Clevert to determine whether or not Bell's claim was frivolous. Judge Clevert granted Bell's motion to proceed in forma pauperis but dismissed Bell's complaint without prejudice, and instructed Bell to

file an amended complaint by April 27, 2004. Bell failed to do so and judgment was entered against Bell.

In case number 04-C-361, Bell filed suit against Rhonda Hayes, Shelby Manuel, and Rachel Washington, all of whom were associated with the Grand Avenue Club, where Bell was a member. Bell alleged in his complaint that Shelby Manuel started a rumor that Bell was using drugs and this resulted in Bell receiving "looks" from people who did not like Bell. Bell also alleged that Rhonda Hayes told Rachel Washington a lie that Bell used to "do drugs" and was "a player." He then alleged that the defendants and three other persons formed a conspiracy "to gather as many members they can to try to state [Bell has] an attitude problem." The complaint continues with other allegations towards the defendants and certain other persons. Bell eventually alleged that he had to leave the club because he was "so stressed out." As compensation, Bell sought $120,000,000. Judge Clevert granted his motion to proceed in forma pauperis but dismissed Bell's complain on the basis that Bell had failed to state a claim.

On April 27, 2004, rather than filing an amended complaint in case number 04-C-360, Bell again filed suit against Rhonda Hayes and Shelby Manuel and added Jason Everit and Pat Griffin as defendants. Bell referred to case number 04-C-361 but the complaint appears largely factually distinct. Bell described an incident where he hit Pat Griffin and he alleged that Pat Griffin then filed an false report with the police. Bell alleged that the other defendants were involved in a conspiracy to attempt to send him back to prison because Bell filed case number 04-C-361. Bell claimed that he was "physically ill" because of the defendants' action and as compensation he sought $75,000 from each defendant. Judge Clevert was again assigned this case, and on April 29, 2004, Judge Clevert again granted Bell's motion to proceed in forma pauperis and dismissed the complaint for failure to state a claim.

3

On June 7, 2004, Bell filed a complaint against Willie Lester, Archie Graham, and Al Pinckney. This case was again assigned to Judge Clevert and on June 14, 2004 Judge Clevert again granted Bell's motion to proceed in forma pauperis and dismissed Bell's complaint. This matter was subsequently appealed to the Seventh Circuit and therefore, because the documents in this case were not electronically filed, the complaint is no longer readily accessible to this court. However, on December 16, 2004 Judge Clevert denied Bell's motion to proceed in forma pauperis on appeal and on February 14, 2005, the Seventh Circuit dismissed Bell's appeal for his failure to pay the required docketing fee.

On September 24, 2004, Bell filed a complaint against Bill Jackson, Rick Lyons, and Glenda Meeks. In the complaint and a letter attached to the complaint, Bell alleged that Rick Lyons, Bell's parole officer, "fraudulently" placed Bell in custody. He then alleged that while he was in custody, his apartment was burglarized and his parole officer refused to help him replace the items that were stolen. Bell alleged that he requested but was refused to be transferred to another agent. Bell claimed that he should have been permitted to take a polygraph test and if he had, he would not have suffered the loss of his property. As compensation, Bell requested $100,000,000.

On September 8, 2005, Judge Clevert denied various motions filed by Bell, granted Bell's motion to proceed in forma pauperis, and ordered Bell to submit an amended complaint in which each defendant was identified along with his or her title, as well as more detailed facts to support his complaint by September 30, 2005. On September 29, 2005, Bell submitted an amended complaint in compliance with Judge Clevert's order. In this amended complaint, Bell pointed to three times he was allegedly improperly placed in custody. First, he was incarcerated by his parole officer because he allegedly threw a phone at his ex-wife and had a gun. While incarcerated, Bell's apartment was burglarized. Bell argued that these allegations were untrue and he should have been

4

given a polygraph test prior to being incarcerated. If he had been given such a test, Bell argues he would have never been incarcerated.

Second, Bell alleged that he was incarcerated on June 15, 2004 because he was allegedly stalking his girlfriend and threatened another man. Bell again alleged that these allegations were untrue.

Thirdly, Bell was placed in custody after testing positive for T.H.C. He alleged that he should have been permitted to take a lie detector test and this test would have proven that he did not have T.H.C. in his system. Being placed in custody caused him to be unable to attend classes at M.A.T.C.

As compensation for these three instances, Bell sought $100,000,000. Judge Clevert permitted this amended complaint to proceed and ordered the defendants to answer the complaint. On May 8, 2006, the defendants motioned for summary judgment and on December 11, 2006 this motion was granted. On December 18, 2006, Bell filed a notice of appeal.

In the present case, which has been assigned to this court, Bell has again filed suit against Rick Lyons, Bill Johnson, Glenda Meeks, and Mark Zbieranek. Although these defendants are not properly identified in Bell's current complaint, turning to Bell's amended complaint in case number 04-C-926, the court is able to identify Rick Lyons, Bill Johnson, and Mark Zbieranek, as a parole officers, and Glenda Meeks as a probation and parole supervisor. However, there is no indication as to how these defendants were involved in the conduct of which Bell presently complains. In the present action, Bell has added Rodney Mclain and Carl Sanford as defendants. It is similarly unclear how these defendants' are related to Bell's claims.

Bell's complaint is devoid of sufficient facts to enable this court to identify the basis for Bell's law suit. However, Bell's petition to proceed in forma pauperis contains additional facts and

5

by reading both of these documents, it is possible for this court to gain some understanding of Bell's claims.

It appears Bell was a student at the Milwaukee Area Technical College ("MATC") and a staff member allegedly observed Bell at a computer looking "at young ladies under the age of 18 years of age." (IFP motion 3.) Later, Bell heard an MATC employee tell another employee "That's the guy I told you was a petafile [sic]." (IFP motion 3.) It appears that Bell alleges that these false statements caused Bell to not go to school, thereby preventing Bell from graduating and resulting in a loss of financial aid. For this alleged slander and defamation, Bell seeks $450,000,000.

Even liberally construing Bell's complaint, as this court must, Bell has failed to state a federal claim. Under the facts alleged by Bell, slander and defamation are not federal causes of action.

In the opinion of this court, Bell's history of filing frivolous lawsuits has reached the point where it should no longer be tolerated by the judges in this district. While Bell has previously consumed Judge Clevert's time with actions that lack merit in federal court, he is now branching out. Therefore, Bell is warned that if he again files a frivolous lawsuit, the court may impose sanctions upon him, such as a monetary fine. If the sanctions do not alter his conduct, the court has the authority to no longer permit Bell to file any matters in federal court and order that the clerk return unfiled any subsequent papers that Bell attempts to file, except for filing in criminal cases or petitions for a writ of habeas corpus. See Support Sys. Int'l v. Mack, 45 F.3d 185, 186 (7th Cir. 1995). Bell would be well advised to read the Seventh Circuit's opinion in the Mack case.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to proceed in forma pauperis is **denied**.

Since Bell has not consented to this court's jurisdiction, this case shall be randomly reassigned to a district judge and it is therefore recommended that the district judge dismiss Bell's complaint and this case.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this <u>30th</u> day of January, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge